UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

VINCENT DOBRSKI,

               Plaintiff,

vs.

KENNETH KALINOWSKI,

               Defendant.

CASE NO. 1:13-CV-2841

OPINION & ORDER
[Resolving Doc. Nos. 1, 3, 4, 5, 6]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Vincent Dobrski filed a *pro se* civil action against defendant Kenneth Kalinowski in the Cuyahoga County, Ohio, Court of Common Pleas on November 15, 2013. *See Dobrski. Kalinowski*, No. CV-13 817249 (Ct. Com. Pl. Cuyahoga County)(Fuerst, J.)  Dobrski alleged he was routinely harassed and defamed by the defendant from April 2005 until the present.  In his prayer for relief, he sought a protective order prohibiting the defendant from approaching him or is family within 100 yards.

Kalinowski filed a Notice to remove the case to the District Court for the Northern District of Ohio on December 30, 2013 pursuant to 28 U.S.C. §§1331, 1441 and 1446.  (Doc. No. 1.) Arguing Dobrski's claims are preempted by Section 301 of the Labor Management Relations Act

-1-

Case No. 1:13-CV-2841
Gwin, J.

(LMRA), 29 U.S.C. § 185(a), the defendant maintains that the complaint allegations arise from, and require the interpretation of, collective bargaining agreements. He avers he was served a copy of the summons and complaint on December 9, 2013.

Although the complaint was timely removed to this Court, *see* 28 U.S.C. § 1446(b), the defendant has failed to state facts demonstrating an entitlement to removal jurisdiction. For the reasons set forth below, the complaint is dismissed without prejudice and remanded back to the Court of Common Pleas for Cuyahoga County.

### I. Standard of Review Removal

A defendant may remove to federal court only state court actions that originally could have been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As courts of limited jurisdiction, federal district courts must proceed cautiously in determining whether they have subject matter jurisdiction. *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir.1996). "[D]ue regard" must be given to that power reserved to the states, under the Constitution, to provide for the determination of controversies in the state courts. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Accordingly, removal statutes must be construed strictly to promote comity and preserve jurisdictional boundaries between state and federal courts. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994).

It is the defendant seeking removal who bears the burden of proving federal court jurisdiction. *See Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir.2000). To do so, the defendant need only include in the notice of removal "a short and plain statement of the grounds for removal ...." 28 U.S.C. § 1446(a). However, "[a]ll doubts as to the propriety of removal are resolved

-2-

Case No. 1:13-CV-2841
Gwin, J.

in favor of remand." *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir.1999).

## II. Removal Improper

Kalinowski cites 28 U.S.C. § 1331 as the basis for this Court's jurisdiction.  Under the statute, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and any action which could have originally been brought in federal court may be removed to federal court, 28 U.S.C. § 1441(a).  "Since a defendant may remove a case only if the claim could have been brought in federal court, ... the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.' " *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)(emphasis added).

Dobrski alleges Kalinowski "willfully worked on ruining Dobrski's life by generating allegations about him in the workplace, Walton Hills, Ohio, Ford Plant. That in or around, March and April 2007, Defendant wrote false police reports with the Walton Hills Police Department, in Cuyahoga County, Ohio."  (Doc. 1-1 at 4.)  The following year, Dobrski claims Kalinowski wrote "fictitious reports of Dobrski's character" and sent it to government agencies.  From 2009 through 2012, Kalinowski allegedly fabricated documents to make Dobrski look like a criminal.  In addition to monetary damages for the financial and mental injuries Kalinowski inflicted, Dobrski seeks to restrict defendant's contact with him and his family.

For a complaint to 'arise under' under federal law, it must pass through one of two distinct portals: "1) litigants whose causes of action are created by federal law, and 2) state-law claims that implicate significant federal issues." *Eastman v. Marine Mech. Corp*., 438 F.3d 544, 550 (6th Cir.2006)(internal citations omitted).  "[T]he vast majority of cases brought under the general

-3-

Case No. 1:13-CV-2841
Gwin, J.

federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Id.*  This is not one of those cases.  Dobrski's cause of action is neither created by federal law nor does he cite any federal statute.  Therefore, the only question is whether his state-law claim implicates a significant federal issue.

Kalinowski argues the matter should be removed to federal court under the complete preemption doctrine.  Because Dobrski has not referenced any federal law in his complaint, the defendant's assertion would be characterized as an affirmative defense in this context.  The Supreme Court has explicitly cautioned that "a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule-that the plaintiff is the master of the  complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987).  Preemption is a defense that does not provide a basis for removal to federal court. *Id.* at  393 ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

Without addressing it on the merits, Dobrski's complaint raises what appear to be a state law tort claims.  Finding a state-law claim removable based solely on an inference that the plaintiff's concerns stemmed from a contract labor dispute, the resolution of which is not critical to Dobrski's requested relief, would "flout, or at least undermine, congressional intent," *Merrell Dow*, 478 U.S. at 812, and would  "herald[ ] a potentially enormous shift of traditionally state cases into federal

-4-

Case No. 1:13-CV-2841
Gwin, J.

courts," *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 319

(2005).  Without a federal cause of action or a substantial federal issue, Dobrski's complaint "does

not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell*

*Dow*, 478 U.S. at 817(quoting 28 U.S.C. § 1331); and, thus removal is not warranted.

### III. Pending Motions

On the same date Kalinowski filed the Notice of Removal, he filed a Motion to Reassign case

to Judge Polster As a Related "to the case captioned *Vincent Dobrski v. Bob King, et al.*, U.S.

District Court, Northern District of Ohio, Case No. 1:13-CV-02839,  currently pending before Judge

Polster."[1] (Doc. No. 3)  Kalinowski reasoned that because Judge Polster "previously resolved these

claims on the merits, this case should be transferred to Judge Polster's docket for case management

and resolution together with the case currently pending before him." (Doc. No. 3 at 3.)  The court

disagrees.

As a threshold matter, Case No. 1:13cv2839 is no longer pending.  Judge Polster dismissed

the action with prejudice on January 13, 2014.  He held that Dobrski was barred by *res judicata* from

rearguing the same claims against the same parties he unsuccessfully sued in *Vincent Dobrski v.*

*Williams, et al.*, Case No. 1:13cv1439 (N.D. Ohio filed July 1, 2013)(Polster, J.) [2]  Both cases

involved claims over which the federal court enjoyed subject matter jurisdiction.  Conversely, the

above-captioned complaint does not involve any issue over which this Court has subject matter

---

[1]Case No.1:13cv2839 was removed to the Northern District Court of Ohio from the
Cuyahoga County Common Pleas Court on December 30, 2013.

[2]On July 9, 2013, Judge Polster dismissed Case No. 1:13cv1439 on the merits.

-5-

Case No. 1:13-CV-2841
Gwin, J.

jurisdiction.  As such, there is no previously related issue that Judge Polster could resolve on the merits.  Therefore, the Motion to Transfer (Doc. No. 3) is denied.

Because the Court lacks subject matter jurisdiction, the Motion for Extension of Time to Answer (Doc. No. 4), Motion to Retain Case in Judge Gwin's Court (Doc. No. 5) and Motion to Dismiss party Ford Motor Company filed by Defendant Ford Motor Company (Doc. No. 6) are denied as **moot**. *See e.g. Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("Without jurisdiction, court cannot proceed at all in any cause; jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to court is that of announcing the fact and dismissing cause.")(citation omitted).

### IV. Conclusion and Order

For the foregoing reasons, the Clerk is ordered to REMAND the instant case to the Court of Common Pleas, Cuyahoga County.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: January 16, 2014                          *s/           James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE

Case No. 1:13-CV-2841
Gwin, J.